LARRY W. McFARLAND (State Bar No. 129668)
lmcfarland@kilpatricktownsend.com
EMIL W. HERICH (State Bar No. 116783)
eherich@kilpatricktownsend.com
CHRISTOPHER T. VARAS (State Bar No. 257080)
cvaras@kilpatricktownsend.com
KOLLIN J. ZIMMERMANN (State Bar No. 273092)
kzimmermann@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212
Telephone:   (310) 248-3830
Facsimile:    (310) 860-0363

RYAN T. BRICKER (State Bar No. 269100)
rbricker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor, Two Embarcadero Center
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:    (415) 576-0300

Attorneys for Plaintiff
INSTAGRAM, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INSTAGRAM, LLC,<br>a Delaware limited liability company,<br><br>              Plaintiff,<br><br>        v.<br><br>ZHOU MURONG, an individual; HE GUIHE, an individual; ZHOU MUFEN, an individual; and ZHOU MEIFANG, an individual,<br><br>              Defendants. | Case No. 3:16-cv-00235-HSG<br><br>**PLAINTIFF INSTAGRAM, LLC'S THIRD STATUS REPORT REGARDING ITS ATTEMPTS TO EFFECTUATE FOREIGN SERVICE**<br><br>Complaint Filed: January 13, 2016<br>Judge: Honorable Haywood S. Gilliam, Jr. |

Plaintiff Instagram, LLC ("Instagram") respectfully submits this status report in anticipation of the Case Management Conference currently set for January 17, 2016 at 2:00 p.m., pursuant to the Court's order of September 7, 2016. Dkt. No. 24.

### A.   Background and Prior History

As the Court is aware, Instagram filed its Complaint on January 13, 2016, alleging claims for violation of the Lanham Act and for declaratory judgement against several members of the same family. Instagram has alleged that Defendants Zhou Murong ("Murong"), her mother He Guihe ("Guihe"), and her sisters Zhou Mufen ("Mufen") and Zhou Meifang ("Meifang") (collectively, "Defendants") have engaged in acts of serial cybersquatting and are pursuing a bad faith conspiracy to unwind the 2011 written agreement in which Instagram's predecessor paid Defendant Murong $100,000 to purchase the <Instagram.com> domain name (the "Agreement").

Instagram has been diligently investigating Defendants' current physical addresses to serve them with process pursuant to the Hague Convention, as each Defendant is a resident of China. *See* Dkt. No. 14-16. On March 28, 2016, Instagram filed an Ex Parte Application for Expedited Discovery, seeking permission from this Court to subpoena Sedo.com, LLC ("Sedo") – the entity that brokered the sale of the <Instagram.com> domain name from Murong to Instagram's predecessor company – to produce any contact information for Murong or any related persons or entities. The Court granted that request on April 19, 2016 and Instagram served the subpoena on Sedo the following day.

Instagram then conferred with Sedo's counsel on several occasions in an effort to obtain the required information. On May 25, 2016, Sedo provided Instagram with additional contact information for Murong, including a phone number and ID card information. On May 27, 2016, Instagram filed a status report with the Court stating that it would use this additional information to investigate where Defendant Murong and the other members of her family named in Instagram's complaint are located and attempt to effectuate service via the Hague Convention.

Instagram succeeded in locating what appears to be Defendant Murong's current address. In an effort to move this matter forward quickly, Instagram initially wrote to Defendant Murong inquiring whether she or any of the other Defendants would voluntarily accept service of the

complaint and other case initiating documents (copies of which were included with Instagram's letter). Instagram's letter was delivered to Defendant Murong on August 8.

On August 24, 2016, having received no response to its letter, Instagram began the process of serving Defendant Murong via the Hague Service Convention by mailing its Request for Service and all required documents to the Chinese Central Authority. Instagram understands the process of serving defendants through the Chinese Central Authority typically takes at least six months.

On September 6, 2016, Instagram filed a second status report with the Court, informing the Court that Instagram was proceeding with service via the Hague Service Convention and requesting a continuance of the Case Management Conference, which the Court granted.

### B. Developments Since Instagram's Prior Status Report

On November 4, 2016, the Ministry of Justice of China confirmed that Instagram's service papers were received and issued a registration number (2016/S/1013), but the court system was still processing the papers. To date, Instagram has not received any additional information. Instagram will promptly file an appropriate proof of service when it receives the Chinese Central Authority's confirmation that service has been effected.

Given the current status, Instagram respectfully submits that a further three month extension of the Case Management Conference may be appropriate. However, Instagram is prepared to attend the Case Management Conference, currently set for January 17, 2017 at 2:00 p.m., and will appear as scheduled absent contrary instruction from the Court.

### C. Status of the Chinese Case

As alleged in Instagram's Complaint, on or around December 14, 2015, Instagram was served with a complaint filed in the Shenzhen Futian Court (the "Chinese Case"). The plaintiffs in the Chinese Case are Murong's mother and sisters, Defendants Mufen, Meifang, and Guihe (the "Chinese plaintiffs"). The defendants in the Chinese Case are Instagram and Murong.

The complaint in the Chinese Case alleges that Murong did not have authorization to sell the domain name to Instagram. The Chinese complaint seeks a ruling from the Chinese court that the Agreement is invalid and an order requiring MarkMonitor to transfer the registration to the

Chinese plaintiffs.

As alleged in its Complaint, Instagram contends that the Chinese Case is a sham proceeding and nothing more than yet another attempt to invalidate the Agreement so that Defendants can take control of a domain name in which they have no legitimate interest and extort even more money from Instagram now that Instagram has grown into one of the most popular brands in the world.

On or around December 6, 2016, the Chinese court issued a ruling in Instagram's favor. In sum, the Chinese court held:

1. Zhou Murong executed the contract in her own name as the domain name owner, rather than as the agent of any other party.
2. As the owner of the domain name, Zhou Murong had the right to sell it. It was her asset to sell, and it did not belong to her father.
3. The contract was valid, binding and performed many years ago. Instagram paid a significant price for the domain name and had used it for many years, putting great effort into it becoming the world renowned picture sharing and social website that it is today. The value of the domain name is now far beyond the purchase price and it would conflict with the principles of justice and would cause significant harm to the interests of Instagram if the domain name were to be returned to the plaintiffs without good cause.
4. The plaintiffs had filed an unreasonable lawsuit for personal enrichment, which has caused a great deal of difficulty and work for the defendant and has wasted judicial resources. The court condemned the behavior of the plaintiffs.
5. The plaintiffs' claims are all rejected, and the court fee (RMB 9800) is to be paid by the plaintiffs.

On January 5, 2017, Instagram was informed by the clerk of the Chinese court that the Chinese plaintiffs did not timely appeal the Chinese court's ruling. Instagram understands the Chinese court's judgment is now final. However, this N.D. Cal. lawsuit raises issues that are not before the Chinese court and Instagram intends to continue prosecuting this lawsuit

notwithstanding the Chinese judgment.

Dated: January 5, 2017      Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:      /s/ *Larry W. McFarland*
         Larry W. McFarland

Attorneys for Plaintiff
INSTAGRAM, LLC